# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-cr-027 |
| | § | |
| BENJAMIN CHARLES SLAUGHTER, | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Benjamin Charles Slaughter ("Defendant"), and Defendant's counsel, Paul Doyle, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1, 2 and 5 of the Indictment. Count 1 charges Defendant with **Sexual Exploitation of Children**, in violation of Title 18, United States Code, Section 2251(a) and (e). Count 2 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 5 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2251(a) and (e), is imprisonment for not less than 15 years and not more than 30 years and

a fine of not more than $250,000.00.   The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00.   The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000.00. Additionally, under Counts 1, 2 and 5, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life.   *See* Title 18, United States Code, sections Section 3583(k).   Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation.   *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.   Pursuant to Title 18, United States Code, Section 3014(a)(3), the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per

count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

6.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

3

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.  Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.   The United States agrees to each of the following:

(a)      If Defendant pleads guilty to Counts 1, 2 and 5 of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b)      If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

4

**Agreement Binding - Southern District of Texas Only**

10.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

11.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

12.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a).   Defendant nonetheless

5

acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13.   Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)   If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)   At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)   At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1, 2 and 5 of the Indictment.   If this case were to proceed to trial, the United States could prove each element of the offenses of sexual exploitation of children, receipt, and possession of child pornography beyond a reasonable doubt.   The following facts, among others would be offered to establish the Defendant's guilt:

a. The Houston Metro Internet Crimes Against Children (ICAC) task force received information about suspicious activity from a cloud service company named Dropbox, Inc. Dropbox reported to the National Center for Missing and Exploited Children (NCMEC) on December 21, 2016, that someone was using their cloud services to store or transfer suspicious images via the internet. Dropbox viewed four files that were publicly available and provided those images to NCMEC. The report was forwarded to the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI) Resident Agent in Charge office in Galveston, Texas. HSI Special Agent (SA) DeWayne Lewis received and reviewed the report. There were four suspicious files consisting of videos depicting nude minor females exposing their genitals and engaging in sexual activity. The Dropbox customer information associated with the account was, in part:

| | |
|---|---|
| Email Address: | slaughter_ben@yahoo.com |
| Screen/User name: | B S |
| User ID: | 467211087 |
| IP Address: | 99.25.91.11 on 08-05-16 at 02:28:11 UTC |

The IP address, 99.25.91.11, was one managed by the internet service provider AT&T.

Using law enforcement databases and online search tools, SA Lewis found that slaughter_ben@yahoo.com was associated with Benjamen Charles Slaughter (DOB: 3/11/98) of

7

Friendswood, Texas. His Texas Department of Public Safety driver's license listed a specific address in Friendswood, Texas.

Detective David Nettles, a member of the Houston Metro ICAC and detective at the Webster Police Department, had a subpoena issued to AT&T on February 6, 2017, for the subscriber's information for IP address 99.25.91.11 on August 8, 2016 at 02:28:11 UTC. AT&T responded on February 7, 2017, with the following information, in part:

Service Address:   XXXXXXXX(same address as Slaughter's driver's license)
                   FRIENDSWOOD, TX 77546
Telephone #:       281-996-4185

Special Agent Lewis examined the cache of suspicious files that Dropbox viewed and reported to NCMEC from Benjamen Slaughter's Dropbox activity. The following examples fit the federal definition of child pornography and are from that collection of files:

Partial title: 1ba505cc**.mp4 was a color video depicting a bottomless, prepubescent 4-5 year old Caucasian female on her hands and knees facing away from the camera positioned on a bed with her pink nightgown pulled up past her hips. An adult Caucasian male inserted his erect penis into the girl's anus as he filmed.

Partial title: 2702cab3**.mp4 was a color video depicting two prepubescent, Caucasian minor females seated on a couch facing the photographer. The brunette on the left in the pink/blue dress appeared to be approximately 4-5 years old while the blond on the right in the white/blue dress appeared to be approximately 7-8 years old. Each girl pulled her panties to the side, exposing their vaginas for the camera's view, and fondled each other's vagina with their fingers at the direction of the photographer.

Title: 1 (10).mp4 was a color video depicting a bottomless Caucasian 11-13 year old minor female wearing only a pink shirt in a bedroom setting seated on the floor next to her bed exposing her vagina for the camera's view. The video continued as the girl urinated on the floor and masturbated for the camera's view.

Using law enforcement databases and online search tools, Special Agent Lewis found that slaughter_ben@yahoo.com was associated with Benjamen Charles Slaughter (DOB: 3/11/98) of Friendswood, Texas. While researching Slaughter's email address through publicly available sources, Special Agent Lewis found a customer profile on a website called www.collarspace.com. Collarspace.com describes itself as the "Largest BDSM Community on the Planet." (BDSM is the common acronym for Bondage/Domination and Sadomasochism). Slaughter's publicly viewable profile read, in part:

> "I am a dominant likes his lover to submit willingly and not by force I will have a strict set of rules if you do not fallow them I will punish you is you do fallow them I will reward you if you have a Kik or snapchat message me at bendot1 if you have email mine is slaughter_ben@yahoo.com if your interested message me..."

His profile included a color photograph of a topless adult Caucasian male which resembled Benjamen Slaughter's driver's license photo. Special Agent Lewis also found Slaughter's public Facebook page, which had various photos of himself and his family.

On March 18, 2017, Special Agent Lewis used one of his 14-year-old covert personas established for online solicitation investigations, mandypanda409, and sent a message to Slaughter, aka: bendot1, through his Kik Messenger account that he listed in his www.collarspace.com profile. Slaughter responded through Kik Messenger and began sending messages to "Mandy." After several chat sessions, Slaughter solicited Mandy for sex and transmitted a photo of his erect penis to her via the Kik Messenger application.

9

Special Agent Lewis had a summons issued on March 22, 2017, for Kik Interactive to provide the customer's subscriber information regarding username bendot1. Kik responded on March 22, 2017 with the following information, in part:

```
First Name:   Spring
Last Name:    Break
email:        slaughter_ben@yahoo.com
Username:     bendot1
device-type:  iphone
model:        iPhone
Registration Timestamp: 2012/07/06 07:31:36 UTC
```

Special Agent Lewis had a federal search warrant served on Dropbox, Inc. on February 23, 2017, for Slaughter's collection of stored content and subscriber information. Dropbox provided the data on May 3, 2017. It contained the following information, in part:

```
Hostname:      Desktop – M3AA00K
Mobile Device: SM-G361F
Name:          B S
email:         slaughter_ben@yahoo.com

Folder titles:  Perfect preteen pussy
                tween
                Videos
                Meine__
```

Dropbox also provided the files in Slaughter's account. They included the three video files described above that were reported to the National Center for Missing and Exploited Children and several others. Special Agent Lewis reviewed the material and found more videos that met the federal definition of child pornography, including the three listed below:

Title: File Oct 15, 10 08 37 PM.mp4 was a color video that depicted a clothed 3-4 year old Caucasian minor female standing profile in a bedroom setting in front of a nude Caucasian adult male who was standing profile for the camera's view while the minor performed oral sex on his erect penis.

Title: File Oct 15, 9 50 49 PM.mp4 was a color video that depicted a 4-6 year old nude

African American minor female in a bathroom setting. The minor performed oral sex on an adult Caucasian male's erect penis as he filmed in from his eyes' angle until he ejaculated into the minor's mouth and on her face.

Title: File Sep 10, 6 00 01 PM.mp4 was a color video that depicted a 1-2 year old infant lying prone on the floor with her pink dress pulled up over her hips while an adult Caucasian female fondled her vagina. The adult adjusted the camera so she could film her face while she licked the minor's vagina, then resumed fondling the girl for the camera's view.

On September 15, 2017, US Magistrate Judge Frances Stacy approved a search warrant for Slaughter's residence. That warrant was executed on September 22, 2017. During the execution of the warrant, contact was made with Slaughter. Though not under arrest, Slaughter agreed to speak to SA Lewis and Det. Nettles after being advised of his Miranda warnings. The interview was recorded.

Slaughter indicated that he is a Dominant and talked about an online relationship with an Emma who is underage but claimed he never met her in person. Slaughter claimed he was 17 when he last traded pictures with a different girl, Leah. He stated that recently she had sent him a few videos of her having sex with other people. He thought he met her on Skout but also stated he used Kik and Snapchat as well as several different email addresses like pokemondot1@gmail.com and slaughter_ben@yahoo.com. He stated he had received videos on Kik but believed the girls in the bestiality videos were not necessarily underage.

SA Lewis asked about virtual storage and Slaughter stated that the used to use Dropbox and that account was linked to his Yahoo email. He stated that no one else was aware of his Dropbox account and that something had happened to his account and he wasn't able to access it anymore. Slaughter stated there were underage videos in his account that came from someone he met on

11

Kik. Slaughter stated that he sent videos of himself doing things to Leah and M. Slaughter explained that since he was "of age" now he was not trading nude pics with underage girls.

SA Lewis asked Slaughter about his undercover persona Mandy. Slaughter said he was just playing along with Mandy who found his profile on collarspace.com. Slaughter stated that there may be some images of Leah on his phone. Slaughter then admitted that he sent images of his penis to Mandy and Leah.

Slaughter then talked about someone he met on line who tried to blackmail him. She would send him stuff online and wanted him to take pictures of his sleeping siblings. There was also a portion of the conversation about a bestiality story that led into a video in his Dropbox account with a 12-year-old girl having sex with a Pomeranian.

During the execution of the warrant several items were seized for forensic examination: Asus laptop, Dell laptop, a green frog shaped thumb drive and an Apple iPhone. These items were forensically examined by Det. Cox of the Pearland Police Department. The exam revealed over 14,300 contacts, over 4,100 chat sequences, over 1,900 emails, over 6,850 SMS/MMS messages, over 26,000 images and over 300 videos.

SA Lewis sought and found contact information regarding the minors that Slaughter mentioned, Amy and Leah as well as his undercover persona, Mandy.

On November 2, 2017, Leah was located in Denton, TX. Leah confirmed her DOB as 5/10/2000. She was 17 at the time of the interview. Leah acknowledged her relationship online with Slaughter. She confirmed she was the "submissive" and he was the "dominant." She identified herself in videos found on Slaughter's devices and indicated that she sent things at his request. Further, she identified Slaughter as the person she was communicating with via social

12

media and Skype based on images of Slaughter shown to her by law enforcement.   Leah identified the object in the video of her masturbating as a hairbrush or wand.   She also indicated that he caused her via blackmail to have sex with other males and send him the videos.   He wanted her to have unprotected sex but she lied to him and used protection.   Slaughter had Leah believing she was in a contract with him that she could not get out of without submitting to his wishes.

Review of the forensic exam revealed approximately 150 images and approximately 150 videos that meet the federal definition of child pornography.   The images and videos were received via Kik messenger not only from Leah but other Kik users.   Slaughter used the internet, a means and facility of interstate and foreign commerce to commit his crimes.   The Dell laptop contained a Western Digital hard drive manufactured in Malaysia.   The Apple iPhone was assembled in China.   The Asus laptop did not contain any evidence nor did the frog thumb drive. The Dell laptop had evidence of logs and other valuable information which documented that Slaughter had deleted child pornography videos and images.

<b>Breach of Plea Agreement</b>

15.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

13

## Restitution, Forfeiture, and Fines – Generally

16.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

14

**Restitution**

20.  Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.  Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.  Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2).   Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

**Forfeiture**

21.  Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.  In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

> A Dell laptop containing a Western Digital hard drive laptop s/n GKVCN52; and
>
> An Apple iPhone 6S s/n C6KRL20PGRYD.

22.  Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.  Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

26. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

27.   This written plea agreement, consisting of 19 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Galveston_ , Texas, on _August 4th_ , 2021.

_____
Defendant

Subscribed and sworn to before me on _August 4th_ , 2021.


NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:
        Jennifer B. Lowery
        United States Attorney

By: _____                    _____
        Sherri L. Zack                                                 Paul Doyle
        Assistant United States Attorney                Attorney for Defendant
        Southern District of Texas

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-cr-027 |
| | § | |
| BENJAMIN CHARLES SLAUGHTER, | § | |
| Defendant | § | |

PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement

18

with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____                    _____
Defendant                                          Date